**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAMIRO CHAVEZ-PALAFOX,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

Nos. 09-71822
10-70331

Agency No. A077-810-617

MEMORANDUM*

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted May 13, 2014**

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

In these consolidated cases, Ramiro Chavez-Palafox, a native and citizen of

Mexico, petitions for review of the Board of Immigration Appeals' orders

dismissing his appeal from an immigration judge's decision terminating his

removal proceedings, and denying his motion to reopen. We dismiss the petitions

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

for review.

Because an order terminating removal proceedings is not a final order of removal, we lack jurisdiction to consider Chavez-Palafox's petitions for review of that order. *See Alcala v. Holder*, 563 F.3d 1009, 1013-16 (9th Cir. 2009); *see also* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact . . . shall be available only in judicial review of a final order [of removal].").

To the extent Chavez-Palafox contends that we have jurisdiction to review his 1999 expedited removal order, this contention fails. *See* 8 U.S.C. § 1252(e)(2); *see also Garcia de Rincon v. Dep't. of Homeland Sec.*, 539 F.3d 1133, 1138-39 (9th Cir. 2008) ("Section 1252(e) only permits review of expedited removal orders in a habeas corpus petition, and even then the review is limited to an inquiry over whether: (A) the petitioner is an alien, (B) whether the petitioner was ordered removed under such section, and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, [or is a refugee or has been granted non-terminated asylum].") (citations omitted)).

**PETITIONS FOR REVIEW DISMISSED.**